IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:01CR86 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | MEMORANDUM AND ORDER |
| ALBERTO SANCHEZ, | ) ) | |
| Defendant. | ) | |

This matter is before the Court on the Findings and Recommendation (Filing No. 30) issued by Magistrate Judge F.A. Gossett recommending that the motion to suppress (Filing No. 21) filed by the Defendant, Alberto Sanchez, be denied. Sanchez filed a statement of objections to the Findings and Recommendation and a supporting brief (Filing Nos. 33, 34) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 59.2(a).

Sanchez is charged in a two-count Indictment with: possession with intent to distribute methamphetamine (Count I); and possession with intent to distribute cocaine (Count II). Sanchez seeks the suppression of evidence obtained as a result of his April 8, 2001, traffic stop.

Following an evidentiary hearing, Judge Gossett issued oral findings of fact and conclusions of law and a brief Findings and Recommendation. Judge Gossett concluded: Officer Monty Grayek had probable cause to stop the vehicle driven by Sanchez; the search of Sanchez's person was reasonable incident to his arrest; Sanchez's statements at the scene should be suppressed; the search of the vehicle was justified based on officer safety or a reasonable belief that contraband associated with drug trafficking could be found in the vehicle; probable cause would support the issuance of the search warrant for Sanchez's residence even if the items in question were stricken from the affidavit under

*Franks v. Delaware,* 438 U.S. 154 (1978),[1] and the good faith exception to *United States v. Leon,* 468 U.S. 897 (1984) applies. Judge Gossett therefore recommends that the motion be granted as to Sanchez's statements made in response to questioning after his arrest, and otherwise that the motion be denied.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C), the Court must make a de novo determination of those portions of the findings and recommendation to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## STATEMENT OF FACTS

Judge Gossett provided an oral statement of facts. There are no objections to the facts. The Court has considered the transcript of the suppression hearing and carefully viewed the evidence. Based on the Court's de novo review of the evidence and arguments, the Court adopts Judge Gossett's factual findings in their entirety.

Briefly, Officer Grayek saw the vehicle in question, "ran" the plates, and saw that the plates were not registered to that vehicle. A few days later, on April 8, 2001, he again saw the vehicle moving and stopped it because of the information he had found a few days earlier regarding the mismatched plates. Sanchez could not produce a driver's license, and a records check revealed that he was driving on a suspended or revoked license. Sanchez was arrested and handcuffed. Officer Miller arrived as backup and searched Sanchez's person incident to the arrest. Baggies were found on his person, and upon

---

[1] A *Franks* motion was not filed.

2

being questioned without having been given his *Miranda* warnings Sanchez stated they contained cocaine and "crank." Also found on Sanchez was the sum of approximately $2,000 in cash. Sanchez was asked, again prior to the administration of any *Miranda* warnings, whether drugs were in the vehicle, and he responded in the negative. The vehicle was then searched, and several more baggies containing suspected controlled substances were found in the trunk and in a jacket found inside the trunk. The substances field tested positive for cocaine and methamphetamine. A search warrant for Sanchez's residence was obtained. The search of the residence revealed a scale and spoon but no additional controlled substances.

## ANALYSIS

Sanchez objects to the Findings and Recommendation, arguing: the traffic stop was made without reasonable suspicion; his arrest was not supported by probable cause; his person was searched absent probable cause; the vehicle search was not performed under any valid exception to the search warrant requirement; and the search of the residence was the fruit of preceding unconstitutional actions and, moreover, the search warrant affidavit did not set forth sufficient probable cause for issuance of the warrant.

*Traffic Stop*

Officer Grayek had reasonable suspicion to stop the vehicle because a few days earlier he learned that the plates on the car were not registered to that car. *United States v. Walker,* 555 F.3d 716, 719 (8th Cir. 2009). "'[T]he Fourth Amendment only requires that police articulate some minimal, objective justification for an investigatory stop.'" *Id.* (quoting *United States v. Fuse,* 391 F.3d 924, 929 (8th Cir. 2004)).

3

Sanchez argues that the information regarding the mismatched plates was a few days old and by the time of the stop it was possible that the plates had been registered to the vehicle in question. However, the possibility that a violation does not exist does not make a suspicion unreasonable. *United States v. Smart,* 393 F.3d 767, 771 (8th Cir. 2005). Officer Grayek had a reasonable suspicion, and that is all that is required. The objection is denied.

### *Arrest; Search of Sanchez's Person*

Sanchez was arrested for driving on a suspended or revoked license. Sanchez argues that probable cause did not support his arrest. Sanchez does not argue that driving on a suspended or revoked license is not a crime or that his license was not suspended or revoked. His arrest was supported by probable cause and, moreover, a search incident to such an arrest is proper. *United States v. Phillips,* 256 Fed. Appx. 22, at **1 (8th Cir. 2007). The objection is denied.

### *Vehicle Search*

Sanchez correctly cites *Arizona v. Gant,* 129 S. Ct. 1710 (2009), for the proposition that officers may only search the area within an arrestee's ""immediate control"' meaning 'the area from within which he might gain possession of a weapon or destructible evidence.'" *Id.* at 1714 (quoting *Chimel v. California,* 395 U.S. 752, 763 (1969)).[2] Sanchez points out that during the search of the car in this case, he was handcuffed and unable to access the trunk, which was the focus of the vehicle search. Sanchez argues that *Gant* controls, although the decision was reached years after his search.

---

[2]*Gant* also allows a vehicle search when it is reasonable to believe the vehicle "contains evidence of the offense of arrest." *Gant,* 129 S. Ct. at 1723.

The Eighth Circuit declined to address the applicability of *Gant* to a pre-*Gant* search as a moot issue in a case in which probable cause supported the search. *United States v. Grooms,* 602 F.3d 939, 941-42 (8th Cir.), *cert. denied,* 2010 WL 3525767 (Oct. 12, 2010). And Sanchez concedes that the Eighth Circuit Court of Appeals recently decided *United States v. Webster,* __ F.3d __, 2010 WL 4366379 (8th Cir. Nov. 5, 2010), holding that despite the *Gant* decision, the automobile exception to the Fourth Amendment allowed a vehicle search where drugs had been found on the defendant's person. Nevertheless, Sanchez argues that the evidence in this case does not provide probable cause that evidence of a crime would be found in the car. The Court disagrees. Sanchez's person was lawfully searched, and suspected drugs were found on his person along with approximately $2,000 in cash. This evidence was sufficient probable cause for a search of the car. *United States v. Winters,* 600 F.3d 963, 968 (8th Cir.), *cert. denied,* 131 S. Ct. 255 (2010). The objection is denied.

***Search of the Residence***

Because the preceding actions are found to be constitutional, Sanchez's argument that the search warrant was the fruit of constitutional illegalities fails.

Sanchez also argues that the search warrant affidavit lacks a sufficient showing of probable cause. The affidavit recites the facts surrounding the traffic stop, search of Sanchez's person, and the vehicle. The affidavit states that $2000 in cash and 172 grams of suspected controlled substances were found on Sanchez, who was seen coming from the area of his residence. A records check showed that Sanchez lived at the address in question since at least December 4, 2000. This information constituted sufficient probable cause for a search of the residence. It was reasonable to believe that Sanchez was

5

involved in drug trafficking given the amount of drugs and the amount of cash found during the searches, and he had been seen leaving the area of his residence. It is common knowledge that drug dealers often have evidence of their activity in their homes. *United States v. Tellez,* 217 F.3d 547, 550 (8th Cir. 2000) (probable cause for search warrant existed, where evidence showed a continuing course of activity of drug dealing, and although neither the informant nor the detective knew evidence was in defendant's home, it could be "fairly inferred" that drugs or other evidence might be stored there). The objection is denied.

For the reasons discussed,

IT IS ORDERED:

1. The Magistrate Judge's Findings and Recommendation (Filing No. 30) is adopted in its entirety;

2. The Defendant's objections to the Findings and Recommendation (Filing No. 33) are overruled;

3. The Defendant's motion to suppress (Filing No. 21) is granted in part and denied in part as follows:

    a. the motion is granted as to Sanchez's statements, as stated by Judge Gossett in his oral conclusions of law; and

    b. otherwise, the motion is denied.

DATED this 24th day of November, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge